IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MARK TILLMAN WALTERS, III,
Plaintiff,

v.                                                                                      No. CV 10-1070 WJ/CEG

EDDY COUNTY DETENTION
FACILITY;
ROBERT STEWART, Warden;
MIKE INGRAM, Captain,
Defendants.

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

**THIS MATTER** is before the Court, *sua sponte*, to review Plaintiff Mark Tillman Walters, III's *Prisoner Civil Rights Complaint*, (Doc. 1), and Mr. Walters' *Petition to Enter Co-Defendant*, (Doc. 11). Plaintiff is incarcerated, pro se, and is proceeding in forma pauperis. Having reviewed Mr. Walters' complaint, the relevant law, and otherwise being fully advised in the premises, the Court **RECOMMENDS** that Plaintiff's *Prisoner Civil Rights Complaint*, (Doc. 1), be **DISMISSED WITH LEAVE TO AMEND**.

**I. Standard of Review**

The Court is directed to dismiss a prisoner's pro se complaint *sua sponte* under §1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). The Court must decide whether the complaint states a claim by applying the same standards used in analyzing motions to dismiss for failure to state a claim brought under FED. R. CIV. P. 12(b)(6). *See Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007). The recently decided cases of *Bell*

*Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009) provide the relevant standards for determining whether Plaintiff's complaint suffices to state a claim at the pleading stage.

In *Twombly* and *Iqbal*, the Court noted that the pleading standard of the federal rules do not require "detailed factual allegations," but that the complaint must still contain more than an unadorned "defendant-unlawfully-harmed-me" allegation. *Twombly*, 550 U.S. at 555; *Iqbal*, 129 S. Ct. at 1949. The Supreme Court held that "naked assertion[s]" devoid of "further factual enhancement[,]" will not suffice to state a claim. *Twombly*, 550 U.S. at 557. By way of explanation, the Court noted that a complaint "must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949 (internal citations omitted). The requirement that the complaint state with sufficient specificity who is alleged to have done what is particularly important in pro se § 1983 cases. As noted in *Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008),

> In § 1983 cases, defendants often include the government agency and a number of government actors sued in their individual capacities. Therefore it is particularly important in such circumstances that the complaint make clear exactly who is alleged to have done what to whom, to provide each individual with fair notice as to the basis of the claims against him or her . . .

*Id*. at 1249-50 (citing *Twombly*, 550 U.S. at 592 n. 10).

If a plaintiff proceeding in forma pauperis fails to meet the requirements set out in *Twombly* and *Iqbal*, the court is directed to dismiss the complaint. 28 U.S.C. §1915(e)(2)(B)(ii). However, the Court should allow a pro se plaintiff to amend the complaint to cure any pleading defects unless providing him with such an opportunity

2

"would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). Furthermore, the Court must construe a prisoner's pro se complaint liberally and hold it to a less stringent standard than formal pleadings drafted by attorneys. *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007).

## II.  Analysis

Mr. Walters has sued three Defendants and has alleged three separate causes of action. For the reasons set forth in the analysis below, the Court finds that Mr. Walters has failed to allege sufficient facts to state a claim with regard to each cause of action.

### a.  **Eddy County Detention Facility is Not a Proper Defendant**

Mr. Walters has listed three Defendants to be sued - the Eddy County Detention Facility and two individuals associated with the facility: (1) Robert Stewart, the warden, and (2) Mark Ingram, a captain at the facility. (Doc. 1 at 2-3, 5).[1] With respect to the Eddy County Detention Facility, the Court finds that all claims against the facility must be dismissed with prejudice because the Eddy County Detention Facility is not a legal entity separate from the county and it cannot be sued as a person. *See Aston v. Cunningham*, No. 99-4156, 2000 WL 796086 at *4 n. 3 (10th Cir. Jun. 21, 2000) ("Mr. Aston named the Salt Lake County Jail as a defendant. Dismissal against this entity was . . . required because a detention facility is not a person or legally created entity capable of being

---

[1] Todd Bannister, a nurse at the Eddy County Detention Facility is mentioned in the complaint but is not listed as a Defendant. However, in Mr. Walters' *Petition to Enter Co-Defendant*, he states that Mr. Bannister is the medical administrator for the Eddy County Detention Facility and he seeks leave to add Mr. Bannister as a co-defendant. (Doc. 11).

sued."). The majority of federal courts which have considered the issue have determined that correctional facilities are not amenable to being sued as individuals. *See Buchanan v. Oklahoma*, No. 09-744, 2010 WL 1449603 at *4 n.8 (W.D. Okla. March 4, 2010) (collecting cases). The Court then turns to the question of whether Mr. Walters has adequately stated a claim upon which relief can be granted against the individual Defendants.

### b. Legal Mail Claim

Mr. Walters' first cause of action relates to tampering with his legal mail at the Eddy County Detention Facility.[2] Mr. Walters states that "my legal mail on more than one (1) occasion has been received by me opened prior to my notification or receiving it . . . [I] sent mail (legal) to the federal building in Roswell[,] New Mexico that had been returned opened . . . Warden Stewart stat[ed] Mr. Walters now that was a mistake that should not have happened though rarely does." (Doc. 1 at 4). Mr. Walters further states that in November of 2010 he received three parcels in the mail - one of which was sent from the United States Supreme Court library - "having been opened and taped closed prior to my receiving it." (*Id.* at 5). Mr. Walters claims that he filed a grievance relating to his legal mail being opened but that he received no response. (*Id.*).

A claim that a prisoner's mail is being tampered with raises concerns regarding the prisoner's access to the courts and the prisoner's First Amendment rights. To show that the opening of his legal mail affected his access to the courts, Mr. Walters must show that this interference "resulted in actual injury by frustrating, impeding or hindering his efforts to

---

[2] All of Mr. Walter' claims relate to his incarceration at the Eddy County Detention Facility in New Mexico. (*See* Doc. 1). As of June, 2011, Mr. Walters was transferred to another facility and he is no longer incarcerated in Eddy County. (*See* Doc. 13).

pursue a legal claim." *Wardell v. Duncan*, 470 F.3d 954, 959 (10th Cir. 2006) (quoting *Lewis v. Casey*, 518 U.S. 343, 351-53 (1996)). Mr. Walters claims that several pieces of legal mail were opened and resealed before being delivered to him. (Doc. 1 at 4-5). He does not claim that he never received his mail, and he does not claim that the opening of the mail prejudiced any legal case he was pursuing. Mr. Walters has failed to state a claim because he has failed to allege any kind of prejudice with regard to his access to the courts.

Claims that prison mail is being tampered with or withheld also implicate a prisoner's First Amendment rights to send and receive mail. *See Wolff v. McDonnell*, 418 U.S. 539, 575-577 (1974) (noting that prisoners have a protected constitutional interest in sending and receiving legal mail). While prisoners have a right to receive mail, prison officials are entitled to open and inspect a prisoner's incoming mail for contraband, so long as the inspection occurs in the inmate's presence and the mail is not read. *Id.* at 577. To successfully assert a § 1983 claim against the named Defendants, Mr. Walters must allege that they had some personal involvement in opening the legal mail, or that there is an affirmative link between their action or inaction and the conduct of the supervisee who opened the mail. *See Grimsley v. MacKay*, 93 F.3d 676, 679 (10th Cir. 1996).

In Mr. Walters' case, he has failed to link any of the named Defendants to the opening of his legal mail. Mr. Walters does state that an officer named Santana handed him the three opened packages, but officer Santana is not listed as a Defendant. (*Id.* at 5). Mr. Walters alleges that Warden Stewart told him that his mail should not have been opened, but he does not allege that Warden Stewart had any role in the opening of the mail. Inasmuch as Warden Stewart was made aware that Mr. Walters' mail may have been

5

opened, that is not sufficient to allege liability. *See, e.g.*, *Whitington v. Ortiz*, 307 F. App'x 179, 190 (10th Cir. 2009) (stating that mere knowledge by a Warden of a prisoner's complaint is "insufficient to establish the required personal participation" – "the fact that [Plaintiff] sent a grievance or written complaint directly to the warden of a large institution would be insufficient to make the necessary link [to establish liability]"). The Court finds that Mr. Walters' allegations that some of his legal mail was opened, without more, does not contain the requisite "degree of specificity necessary to establish plausibility and fair notice" required by *Twombly* and *Iqbal*. Therefore, Mr. Walters has failed to state a claim with regard to the opening of his legal mail.

### c. Medical Care Claims

In his complaint, Mr. Walters alleges that the detention facility "has repeatedly denied me adequate medical attention for my physical injury that transpired while incarcerated at the facility." (Doc. 1 at 4). He further claims that Nurse Bannister informed him that "they do not have the resources to attend to my specific medical condition, and that I will have to wait till I am discharged from the facility in order to see a specialist on my own." (*Id.* at 5). This is the whole of Mr. Walters' allegations regarding the medical care he received at the Eddy County Detention Facility. Mr. Walter does not state what injury he suffered or what type of medical care he did or did not receive. In Mr. Walters' *Petition to Enter Co-Defendant*, (Doc. 11), he seeks leave to add Nurse Todd Bannister as a Defendant, but again he does not provide any information regarding the nature of his medical condition or the manner in which Nurse Bannister failed to treat this condition.

An allegation that prison officials were deliberately indifferent to a prisoner's serious medical needs may suffice to state a claim under the Eighth Amendment. However, to

6

succeed on an Eighth Amendment claim, Mr. Walters must show that the Defendants acted with "deliberate indifference to [his] serious medical needs," *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). This entails a two-part test: he must show that his medical need was "sufficiently serious[,]" *Farmer v. Brennan*, 511 U.S. 825, 835 (1994), and he must show "that the defendants knew he faced a substantial risk of harm and disregarded that risk." *Martinez v. Beggs*, 563 F.3d 1082, 1089 (10th Cir. 2009) (internal citations omitted). In this case, Mr. Walters has failed to state a claim for a violation of his Eighth Amendment rights because his complaint fails to give any information whatsoever regarding the nature of his injury or medical condition and the manner in which the prison did or did not treat it. As stated above, a complaint must meet a threshold of plausibility by " plead[ing] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. Mr. Walters has failed to do so, and so his claim must be dismissed.

### d. <u>Prison Library Claim</u>

The complaint alleges that Mr. Walters has been denied adequate access to the facility's law library. He states that he was "denied legal law library and/or information pertaining [to] legal rights of county or state inmates, access or information. On more than one (1) Eddy County Detention Center inmate request form I have not received access or information provided by the facility concerning legal information I have requested from the facility."

Mr. Walters' claim regarding the prison library implicates his constitutional right to access the courts. Prison officials have an affirmative obligation to ensure that inmates enjoy access to legal materials which is adequate, effective, and meaningful. *Bounds v.*

*Smith*, 430 U.S. 817, 820 (1977). However, this claim may not be established based on the assertion of an "abstract, free-standing right to a law library or legal assistance . . . [or] that his prison's law library or legal assistance program is sub-par in some theoretical sense." *Lewis v. Casey*, 518 U.S. 343, 351 (1996). To establish a violation of his right to petition the courts, Mr. Walters must show that his lack of access to a law library resulted in actual injury by "hindering [his] efforts to pursue a legal claim." *Id.* at 351. In this case, Mr. Walters merely states that he has not "received access or information provided by the facility, concerning legal information I have requested from the facility." (Doc. 1 at 6). Because Mr. Walters does not allege interference with the preparation or filing of papers related to a specific claim or case, he has failed to allege any actual injury. This claim will be dismissed.

### e. Petition to Enter Co-Defendant

Mr. Walters has filed a *Petition to Enter Co-Defendant* in which he seeks leave to amend the complaint and add Nurse Todd Bannister as a Defendant. (Doc. 11). However, for the reasons already discussed, Mr. Walters' complaint must be dismissed for failure to state a claim. Therefore, the Court will recommend that the *Petition to Enter Co-Defendant* be denied.

### f. Leave to Amend

Mr. Walters has not alleged sufficient facts to state a claim for relief on any of the three grounds listed in the complaint. However, in the interests of justice, Mr. Walters should be permitted to file an amended complaint that addresses the deficiencies identified in this order. *Reynoldson v. Shillinger*, 807 F.3d 124, 126 (10th Cir. 1990) ("[I]f it is all possible that the party against whom the dismissal is directed can correct the defect in the

pleading or state a claim for relief, the court should dismiss with leave to amend."). The amended complaint should name all Defendants Mr. Walters wishes to sue and explain specifically what each Defendant did or did not do.

### III.     Recommendation

Based on the foregoing opinion the Court **RECOMMENDS** that:

(1) Mr. Walters' claims against the Eddy County Detention Facility be **DISMISSED WITH PREJUDICE**;

(2) All claims raised against the individual Defendants be **DISMISSED WITH LEAVE TO AMEND**;

(3) The *Petition to Enter Co-Defendant* be **DENIED**;

(4) That, within thirty (30) days of an order adopting this *Proposed Finding and Recommended Disposition*, Mr. Walters file an amended complaint containing adequate factual allegations.

**THE PARTIES ARE NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636 (b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the Proposed Findings and Recommended Disposition. If no objections are filed, no appellate review will be allowed.**

_____
THE HONORABLE CARMEN E. GARZA
UNITED STATES MAGISTRATE JUDGE