## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

MARK TILLMAN WALTERS, III,
Plaintiff,

v.                                                                    No. CV 10-1070 WJ/CEG

ROBERT STEWART, Warden;
MIKE INGRAM, Captain,
Defendants.

## <u>ORDER DENYING MOTION TO AMEND COMPLAINT</u>

**THIS MATTER** comes before the Court on *Plaintiff's Motion for Leave to File Amended Complaint*, (Doc. 17). Having considered the motion, the relevant law, and otherwise being fully advised in the premise, the Court will **DENY** the Motion.

Plaintiff filed a *Prisoner Civil Rights Complaint*, (Doc. 1), alleging that several prison officials had violated his constitutional rights by tampering with his legal mail, restricting his access to the courts, and failing to provide adequate medical care. (*Id.*). The Court reviewed Plaintiff's complaint pursuant to 28 U.S.C. § 1915 and found that, while the complaint listed several causes of action, Plaintiff had failed to include sufficient facts to substantiate his allegations. (Doc. 14 at 1-8). The Court found that Plaintiff had therefore failed to state a claim with regard to all three causes of actions. (*Id.*). The Court then recommended that Plaintiff be allowed to file an amended complaint containing adequate factual allegations. (*Id.* at 9).

In response to the Court's *Proposed Findings*, Plaintiff moved to amend his complaint by adding Nurse Todd Bannister as a Defendant pursuant to his medical care

claims. (Doc. 15). However, the motion did not address the factual deficiencies noted in the Court's *Proposed Findings and Recommended Disposition*. United States District Judge William P. Johnson therefore adopted this Court's *Proposed Findings* and denied the motion to amend. (Doc. 16 at 1).[1] Judge Johnson instructed Plaintiff to file an amended complaint with sufficient factual allegations within thirty days. (Doc. 16 at 1-2).

A little over a month later, Plaintiff filed the instant *Motion for Leave to File Amended Complaint*. (Doc. 17). Plaintiff's motion includes his amended complaint. (Doc. 17 at 2-3). The amended complaint is only two pages long and it merely re-alleges his causes of action without pleading any new factual allegations from those alleged in the original complaint. (Compare, Doc. 1 at 2-8 *with* Doc. 17 at 2-3). Numerous exhibits which purportedly support Plaintiff's claims, including copies of grievance and request forms, were attached to the amended complaint. (*See, e.g.*, Doc. 17 at 2 ("Claim I: Eddy Count Detention Facility and its Administrators failed to provide adequate medical care and services . . . Supporting Facts: claim I. Exhibits #5 & # 6 of the inmate request forms denies any help being given.")).

The Court finds that Plaintiff's amended complaint does not comply with both this Court's *Proposed Findings* and Judge Johnson's order to submit an amended complaint containing sufficient factual allegations. Plaintiff was advised that "naked assertion[s]" devoid of "further factual enhancement[,]" would not suffice to state a claim. *Twombly*, 550 U.S. 554, 557 (2007). (Doc. 14 at 2). He was advised to specify "who is alleged to have

---

[1] Plaintiff had also filed a *Petition to Enter Co-Defendant* prior to the Court's § 1915 review in which he sought to add Nurse Bannister as Defendant. The petition was denied because it did not contain any factual information to substantiate Plaintiff's claims against Nurse Bannister. (Doc. 14 at 8).

2

done what to whom [in order] to provide each individual with fair notice as to the basis of his claims against him or her." (*Id.* at 2 (quoting *Robbins v. Oklahoma,* 519 F.3d 1242, 1248 (10th Cir. 2008)). Plaintiff did not do so. By submitting a bare bones complaint with numerous exhibits attached, it appears Plaintiff was seeking to have the Court sift through the record to determine the factual nature of his complaints. While the Court is obliged to construe Plaintiff's *pro se* filings liberally, the Court is "neither obligated to sift through the record to find support for plaintiff's arguments, nor to construct his arguments for him." *Thompson v. Caldera*, 109 F. App'x 250, 256 (10th Cir. 2004) (citing *SEC v. Thomas*, 965 F.2d 825, 827 (10th Cir. 1992); *Perry v. Woodward*, 199 F.3d 1126, 1141 n. 13 (10th Cir. 1999)) (internal citations omitted). The Court will therefore deny Plaintiff's instant motion to amend.

Notwithstanding Plaintiff's failed attempt to cure the deficiencies in his original complaint, the Court is mindful that *pro se* plaintiffs should be provided with an opportunity to cure pleading deficiencies so long as doing so would not be futile. *Gee v. Pacheco*, 627 F.3d 1178, 1181 (10th Cir. 2010); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The Court finds that allowing Plaintiff to amend his complaint would not be futile. It is clear that Plaintiff is aware of what his claims are, he has simply failed to spell out the facts which form the basis of those claims. Therefore, the Court will provide Plaintiff with a final opportunity to file an amended complaint. Plaintiff need not file another motion for leave to file an amended complaint - such a motion would be his fourth so far in this case - he must simply file an amended complaint which lays out the factual background for every claim against every defendant and which complies with the standards outlined in *Twombly* and *Robbins*. Failure to do so will result in the Court recommending that Plaintiff's case be

3

dismissed.

**IT IS THEREFORE ORDERED** that Plaintiff's *Motion for Leave to File Amended Complaint*, (Doc. 17), be **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff file an amended complaint containing adequate factual allegations within thirty days of this order. The amended complaint is due no later than December 22, 2011.

_____
THE HONORABLE CARMEN E. GARZA
UNITED STATES MAGISTRATE JUDGE

4